## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON DIVISION

| | |
|---|---|
| **STATE OF WEST VIRGINIA ex rel.**<br>**DARRELL V. MCGRAW, JR.,**<br>**ATTORNEY GENERAL,**<br><br>                              **Plaintiff,**<br><br>    v.<br><br>**DISCOVER FINANCIAL SERVICES, INC.,**<br>**DISCOVER BANK,**<br>**DFS SERVICES, L.L.C. and**<br>**ASSURANT, INC.,**<br><br>                              **Defendants.** | **Civil Action No. 3:11-cv-_0688_**<br>**(Removed from the Circuit Court of**<br>**Mason County, C.A. No. 11-C-86-N)** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446 and 1453, Defendants Discover Financial Services, Inc. ("DFSI"), Discover Bank ("Discover Bank"), and DFS Services, L.L.C. ("DFS LLC") (together, "Discover"), hereby remove this civil action, State of West Virginia ex rel. Darrell V. McGraw, Jr., Attorney General v. Discover Financial Services, Inc., Discover Bank, DFS Services, L.L.C. and Assurant, Inc., Civil Action No. 11-C-86-N, pending in the Circuit Court of Mason County, West Virginia (the "State Court Action"), to the United States District Court for the Southern District of West Virginia.  As grounds for removal, Discover states as follows:

## INTRODUCTION

1.      On or about August 16, 2011, the State of West Virginia, acting through Darrell V. McGraw, Jr., the West Virginia Attorney General, filed the State Court Action.  Plaintiff forwarded copies of the Summonses and Complaint to the West Virginia Secretary of State for

service, received by that official on September 1, 2011, and forwarded on to the Defendants' agents for service of process, which received those documents on September 6, 2011 and September 7, 2011.  Removal of this action is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty (30) days of service of the Complaint.  See Gordon v. Hartford Fire Ins. Co., 105 Fed.Appx. 476, 480-81 (4th Cir. 2004) ("[w]hen service is effected on a statutory agent, rather than on an agent appointed by the defendant, the time to remove the action to federal court does not start to run until the defendant actually has received a copy of the complaint" (quoting Lilly v. CSX Trans., Inc., 186 F.Supp.2d 672, 673 (S.D.W.Va. 2002)) (per curiam).  A true and correct copy of the Complaint ("Compl.") in the State Court Action, along with all other process, pleadings and other papers previously served on Discover, is attached hereto as Exhibit 1 as required by 28 U.S.C. §§ 1446(a) and 1453(b).

     2.      Discover Bank is a Delaware state-chartered bank headquartered in the State of Delaware.  (Compl. ¶ 11.)  Discover Bank is an affiliate of DFS LLC, a limited liability company duly organized and existing under the laws of the State of Delaware, with its corporate headquarters and principal place of business in the State of Illinois, whose parent corporation and sole member also is organized and existing under the laws of the State of Delaware, with its corporate headquarters in the State of Illinois.  (See id. ¶¶ 10, 12); Declaration of Ryan C. Garton ("Garton Decl."), ¶¶ 4-5, Exhibit 2 hereto.  DB Servicing Corporation ("DBSC") is a corporate subsidiary of Discover Bank and since January 2011 has been responsible for servicing cardholders' accounts on behalf of Discover Bank.  DBSC is a Delaware corporation with its corporate headquarters and principal place of business in the State of Illinois.  Garton Decl., ¶ 5. DFSI is a non-existent entity that has been improperly named as a defendant in the State Court Action.

LA 51462730v5

3.      Assurant, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of New York.  (Compl. ¶ 14.)

4.      The Complaint is directed at fee-based "ancillary services" products,  including "payment protection" products (the "Products"), that are allegedly marketed "as protection to consumers against fraudulent or unauthorized charges on their credit cards, identity theft, and lost or stolen credit cards and/or providing benefits in the event of unemployment or disability." (Id. ¶ 2.)  The gravamen of the Complaint is that the Products are essentially worthless, that Discover collects excessive and unconscionable fees for the Products, and that the Products are improperly marketed and administered.  (Id. ¶¶ 20-72.)  The Attorney General does not allege either that the State has purchased any of the Products or has suffered any injury as a result of the Products.  Rather, the Complaint seeks relief for alleged injuries to, and conduct affecting, a discrete group of West Virginia citizens, who are the real parties in interest in this action.  (Id. ¶ 2.)

5.      The Complaint identifies its claims as ones for violation of the West Virginia Consumer Credit and Protection Act ("WVCCPA"), unconscionable conduct, and collection of excess charges.  (Id. ¶¶ 73-90.)  The Complaint seeks the recovery of "excess charges"  under W. Va. Code § 46A-7-111(1), civil penalties under W. Va. Code § 46A-7-111(2), restitution and disgorgement of monies obtained, injunctive and declaratory relief, and attorneys' fees and costs.

## BASIS FOR REMOVAL JURISDICTION

6.      This Court has jurisdiction over this action pursuant to Section 521 of the Depository Institutions Deregulation and Monetary Control Act of 1980 ("DIDA"), 12 U.S.C. § 1831d and 28 U.S.C. § 1331, because federal law completely preempts the Attorney General's challenge under state law to the fees charged by Discover for the Products.

7.     This Court also has jurisdiction over this action because the claims asserted by the Attorney General on behalf of West Virginia citizens give rise to jurisdiction under the Class Action Fairness Act of 2005, Pub. L. 109-2, § 9, 119 Stat. 4 (2005) ("CAFA").

## I.     THIS COURT HAS FEDERAL QUESTION JURISDICTION OVER THIS ACTION.

8.     Federal question jurisdiction exists when an action presents a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Where a state law claim is "completely preempted" by federal law, a federal court has federal question jurisdiction over that claim because it is "necessarily federal in character" so as to arise under the laws of the United States. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987).  The complete preemption doctrine is an exception to the well-pleaded complaint rule that allows for the removal of certain cases where the "pre-emptive force of federal law is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim." Caterpillar v. Williams, 482 U.S. 386, 393 (1987).

9.     Discover Bank is a federally-insured, state-chartered bank.  Discover Bank is regulated, supervised, and examined by the Federal Deposit Insurance Corporation ("FDIC").  Section 521 of DIDA, 12 U.S.C. § 1831d, exclusively governs the amount of interest and fees that a federally-insured, state-chartered bank may charge, and provides the exclusive remedy for excessive interest or usury claims against a federally-insured, state-chartered bank. See 12 U.S.C. § 1831d(a).

10.     In Beneficial National Bank v. Anderson, 539 U.S. 1, 8-9 (2003), the Supreme Court held that the National Bank Act, 12 U.S.C. §§ 85, 86 ("NBA"), completely preempts state law usury claims against national banks.  Likewise, Section 521 of DIDA completely preempts state law usury claims against federally-insured, state-chartered banks. See Discover Bank v.

LA 51462730v5

Vaden, 489 F.3d 594, 605 (4th Cir. 2007), rev'd on other grounds, 129 S. Ct. 1262 (2009); In re Community Bank of N. Va., 418 F.3d 277, 295 (3d Cir. 2005); Greenwood Trust Co. v. Comm. of Mass., 971 F.2d 818, 826 (1st Cir. 1992). In addition, the term "interest" under the NBA encompasses not only traditional interest, but also "late fees, not sufficient funds [] fees, overlimit fees, annual fees, cash advance fees, and membership fees." Smiley v. Citibank (South Dakota), N.A., 517 U.S. 735, 740 (1996); see also 12 C.F.R. § 7.4001(a) (defining "interest," for purposes of 12 U.S.C. § 85, as including "numerical period rates, late fees, creditor-imposed not sufficient funds (NSF) fees … over-limit fees, annual fees, cash advance fees, and membership fees"). The broad meaning of "interest" under the NBA applies equally to Section 521 of DIDA. See Discover Bank, 489 F.3d at 606; Greenwood Trust Co., 971 F.2d at 829-30.

11.    The fees charged for the Products challenged in the Complaint constitute "interest" under Section 521 of DIDA. For example, under Discover's payment protection products, Discover agrees to defer or suspend a cardholder's required minimum monthly credit card payment under certain circumstances. (Compl. ¶¶ 44-46.) In exchange, the cardholder agrees to pay interest in the form of a percentage of their monthly account balance. (Id. ¶ 63.)

12.    The Attorney General's Complaint challenges the amount of fees charged by Discover in connection with the Products and, specifically, the relationship between such fees, the benefits provided to cardholders, and the costs of such benefits to Discover. The Complaint alleges that the Products provide "virtually no benefits to West Virginia citizens who are nevertheless charged for these services month in and month out," and that the Products are "essentially worthless." (Id. ¶¶ 7, 50, 54, 69.) The Complaint thus seeks the recovery of "excess charges" and "restitution and disgorgement of monies" for Discover cardholders who enrolled in

the Products, which relief is premised on the Complaint's central allegation that Discover

charged excessive fees.  For example, the Complaint alleges that:

> "Defendants have devised a scheme to increase the profits they receive from their
> ancillary services exponentially.  By limiting the amount of credit given to West
> Virginia consumers, but issuing multiple cards to them, Defendants are able to
> impose separate monthly fees for these services on each of the consumers' cards.
> This scheme doubles, triples or more, the monthly fees charged without any
> analogous increased risk to Defendants."  (Id. ¶ 25);

> "Defendants market Payment Protection as a service that will safeguard
> subscribers' credit card accounts by suspending or crediting the required
> minimum monthly credit card payments due in certain highly restricted
> circumstances, or permanently canceling accounts (up to $25,000) in other
> circumstances.  When minimum monthly payments are credited, the monthly
> interest charges and the Payment Protection Plan fee (and any other ancillary fees)
> continue to accrue without adequate disclosure to consumers."  (Id. ¶ 51); and

> "Payment Protection also provides the added benefit to Defendants of lowering
> available credit to its subscribers through the imposition of this additional fee and
> getting consumers closer to their maximum credit limit without the consumers'
> knowledge.  This operates in some instances to cause consumers to exceed their
> credit limits thereby incurring over-the-limit fees.  Further, the imposition of the
> fee creates a cycle of profitability, in that the fee itself increases subscribers'
> monthly credit balances, which in turn increases Payment Protection fees in
> subsequent months."  (Id. ¶ 64.)

> "The Defendants' actions of marketing, selling and administering the ancillary
> services at issue in the Complaint, including Payment Protection, fit within the
> definitions and scope of, and violate, the West Virginia Consumer Credit and
> Protection Act," (id., ¶ 76), including W.Va. Code § 46A-6-102(N), "Advertising,
> printing, displaying, publishing, distributing or broadcasting, or causing to be
> advertised, printed, displayed, published, distributed or broadcast in any manner,
> any statement or representation with regard to the sale of goods or the extension
> of consumer credit including the rates, terms or conditions for the sale of such
> goods or the extension of such credit, which is false, misleading or deceptive or
> which omits to state material information which is necessary to make the
> statements therein not false, misleading or deceptive."  (Id., ¶ 75.)

13.     Because the Complaint seeks to impose liability on Discover based on the

allegedly excessive amount of interest and fees collected on the Products, the Attorney General's

claims are "completely preempted" by DIDA, which provides the exclusive remedy for such

LA 51462730v5

claims.  Accordingly, this Court has original, federal jurisdiction over the Attorney General's

claims, which are removable to this Court pursuant to 28 U.S.C. § 1441(b).

## II.      THE COURT ALSO HAS CAFA JURISDICTION OVER THIS ACTION.

14.      CAFA provides an independent basis for the Court's exercise of jurisdiction.

Subject to certain limited exceptions not applicable here, CAFA grants jurisdiction over class

actions to the district courts if the amount in controversy exceeds $5,000,000, exclusive of

interest and costs; minimal diversity of citizenship exists between the plaintiff and at least one

defendant; and the putative class includes at least 100 members.  28 U.S.C. § 1332(d)(2), (d)(5).

15.      CAFA defines a "class action" to include "any civil action filed under rule 23 of

the Federal Rules of Civil Procedure or similar State statute. . .. authorizing an action to be

brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).  A

complaint may be removed under CAFA even when it is not labeled as a "class action."  <u>See</u>

<u>Louisiana ex rel. Caldwell v. Allstate Ins. Co.</u>, 536 F.3d 418, 424 (5th Cir. 2008).

16.      This action qualifies as a "class action" removable under 28 U.S.C.

§ 1332(d)(1)(B) because the Attorney General is seeking recovery for West Virginia residents

who were billed for the fee-based "ancillary services" at issue in the Complaint.  (Compl. ¶¶ 9,

80 and p. 22.)  The Complaint alleges that the Attorney General "bring[s] this action on behalf of

the State and its citizens to enforce West Virginia law." (<u>Id.</u> ¶ 9.)  The Attorney General also

seeks the recovery of "excess charges" under W. Va. Code § 46A-7-111(1) and "restitution and

disgorgement of monies . . . for all West Virginians injured by Defendants' acts."  (<u>Id.</u> ¶ 90 and

p. 22.)  Each of these forms of relief are payable to West Virginia consumers, who are the real

parties in interest in this action.  <u>See</u> <u>Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc.</u>, 642

F.3d 728 738-40 (9th Cir. 2011) (holding that individuals are real parties in interest when a state

LA 51462730v5

sues on behalf of individuals to obtain relief that the individuals could have obtained on their own).

17.     This action is therefore removable as a "class action" under CAFA because West Virginia citizens are the real parties in interest.  See West Virginia ex rel. McGraw v.  Comcast Corp., 705 F. Supp. 2d 441, 445-52 (E.D. Pa. 2010) (holding that action was properly removed as a "class action" under CAFA because allegedly injured consumers were real parties in interest with respect to State's claim for restitution and excess charges under WVCCPA); Nevada v. Bank of Am. Corp., No. 11-cv-135, 2011 WL 2633641, at *4-6 (D. Nev. July 5, 2011) (holding that removal of attorney general action was proper under CAFA where consumers were real parties in interest).  Discover acknowledges the recent decision by the Fourth Circuit in West Virginia ex rel. McGraw v. CVS Pharmacy, Inc., 646 F.3d 169 (4th Cir. 2011), and notes that to the extent it conflicts with the decisions cited above, a petition for writ of certiorari has been filed requesting that the United States Supreme Court reverse the Fourth Circuit's decision, see 80 U.S.L.W. 3130 (U.S. Aug. 18, 2011) (No. 11-224).

18.     CAFA's requirement of minimal diversity also is satisfied in this case.  The Attorney General is seeking recovery for a discrete group of allegedly injured West Virginia consumers.  Minimal diversity exists under CAFA because none of the Defendants are "citizens" of West Virginia for diversity purposes.  See 28 U.S.C. §§ 1332(d)(2)(A), 1348.

19.     CAFA's requirement that the putative class contain at least 100 members also is satisfied.  The Attorney General brings this action on behalf of West Virginia citizens who were billed for the Products at issue in the Complaint.  According to Discover's records, over 1,500 Discover cardholders in West Virginia fit that description.  See Garton Decl., ¶ 7.  Thus, the size

of the putative class in this case exceeds the requirements imposed by 28 U.S.C.

§ 1332(d)(5)(B).

20.     Finally, the amount in controversy is satisfied.  The amount in controversy is

satisfied if it "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28

U.S.C. § 1332(d)(2).  For purposes of determining the amount in controversy, CAFA expressly

requires that "the claims of the individual members shall be aggregated . . ." 28 U.S.C.

§ 1332(d)(6).  Although Discover admits for purposes of removal under CAFA that the amount

in controversy is satisfied, Discover denies that it has any liability whatsoever as alleged in the

Complaint, does not concede liability for any portion of the amount in controversy and expressly

reserves its right to challenge any request for damages or any other relief.  See, e.g., Lewis v.

Verizon Communications, Inc., 627 F.3d 395, 400 (9th Cir. 2010) (stating that the "amount in

controversy is simply an estimate of the total amount in dispute, not a prospective assessment of

defendant's liability" and in establishing the amount in controversy defendant "need not concede

liability for the entire amount").  However, for purposes of removal under CAFA, the amount in

controversy is satisfied as described herein.

21.     Pursuant to W. Va. Code § 46A-7-111(1), the Complaint seeks to recover the fees

that Discover collected as a result of the Products challenged in the Complaint.  (Compl. ¶ 90, p.

22.)  The Complaint alleges that these fees are in the "millions of dollars."  (Id. ¶ 7.)  Discover

has independently confirmed that the fees in question exceed $5,000,000.  See Garton Decl., ¶ 7.

The Attorney General also is authorized to seek civil penalties payable to consumers in an

amount "not in excess of . . . ten times the amount of the excess charge," W.Va. Code § 46A-7-

111(1), which would further increase the amount in controversy.

LA 51462730v5

22.     The Complaint also seeks to impose civil penalties of up to $5,000 for each alleged violation of the WVCCPA, which the Complaint alleges is determined by the number of consumers enrolled in the Products. (Compl. ¶¶ 80, 82, p. 22.)  Based on the Complaint's allegations, the number of West Virginia consumers who enrolled in the Products, and the Complaint's theories of relief, this relief would also exceed $5,000,000.  See Garton Decl., ¶ 7.

23.     The Complaint also seeks attorneys' fees (Compl. p. 22), which may be included in an amount-in-controversy analysis.  See Hatcher v. Vanderbilt Mortgage & Fin., Inc., No. 2:10-cv-006677, 2010 WL 2330392, at *3 (S.D. W. Va. June 7, 2010).

24.     Finally, the Complaint seeks an injunction requiring Discover to change the manner in which it offers the Products at issue in the Complaint.  (Compl. p. 22.)  Because the Complaint alleges that Discover receives "millions" of dollars in fees from these Products, the impact of the requested injunction upon Discover may also be included as part of the amount-in-controversy analysis.  See Moses Auto., Inc. v. Am. Honda Motor Co., Inc., 581 F. Supp. 2d 763, 767-68 (S.D. W. Va. 2007).

25.     Taken together, the relief sought in the Complaint places substantially more than $5,000,000 in controversy, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2).

26.     Because CAFA's requirements are satisfied, this case is properly removable as a class action under CAFA.

**III.     TO THE EXTENT ANY CLAIMS IN THE COMPLAINT ARE NOT PREEMPTED, THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER ANY NON-PREEMPTED CLAIMS.**

27.     This Court should exercise supplemental jurisdiction under 28 U.S.C. § 1367 over any claims in the Complaint that are not independently removable.  See 28 U.S.C. § 1367(a).

28.     The Attorney General alleges that Discover charged excessive interest and fees with respect to the Products.  The commonality of the allegations made in the Complaint in

-10-

support of the respective claims demonstrate that the claims, including those seeking civil penalties payable to the State alone, arise from a "common nucleus of operative fact" and are, therefore, subject to the jurisdiction of the Court.  See, e.g., Intracomm, Inc. v. Bajaj, 492 F.3d 285, 290 n.1 (4th Cir. 2007).

## IV.    THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED.

29.    Pursuant to 28 U.S.C. § 1446(a), removal to the Southern District of West Virginia, Huntington Division is proper because it is the district and division within which the State Court Action is pending.

30.    As evidenced by the Consent to Removal executed by Defendant Assurant, Inc. and attached hereto as Exhibit 3, all defendants have timely sought removal of this action.

31.    Pursuant to 28 U.S.C. §§ 1446(d) and 1453(b), concurrently with the filing of this Notice, Discover is filing a true and correct copy of this Notice with the Clerk of the 5th Judicial Circuit of the State of West Virginia, Mason County, the court from which this case is being removed.

32.    Pursuant to 28 U.S.C. §§ 1446(d) and 1453(b), concurrently with the filing of this Notice, Discover is serving a true and correct copy of this Notice upon all adverse parties in this action.

33.    Pursuant to Local R. Civ. P. 3.4, a copy of the state court docket in West Virginia ex rel. McGraw v. Discover Financial Services, Inc. et al., No. 11-c-86-N (Mason Cnty. Cir. Ct.) is attached hereto as Exhibit 4.

34.    If any question arises as to the propriety of the removal of this action, Discover respectfully requests the opportunity to present briefing, evidence, and oral argument in support of its position that this case is removable.  See Ellenburg v Spartan Motors Chassis, Inc., 519 F.3d 192, 200 (4th Cir. 2008).

-11-

LA 51462730v5

WHEREFORE, the case now pending in the Circuit Court of Mason County, West Virginia, Civil Action No. 11-C-86-N, is hereby removed to the United States District Court for the Southern District of West Virginia, Huntington Division.

Dated:  September 30, 2011

/s/ Kara Cunningham Williams
Kara Cunningham Williams (WVSB #8148)
kara.williams@steptoe-johnson.com
Steptoe & Johnson PLLC
P. O. Box 1588
Charleston, WV  25326-1588
Telephone:  304-353-8000
Telecopier:  304-353-8180

Julia B. Strickland (*pro hac vice* application to be filed)
jstrickland@stroock.com
Scott M. Pearson (*pro hac vice* application to be filed)
spearson@stroock.com
Stroock & Stroock & Lavan LLP
2029 Century Park East, 16th Floor
Los Angeles, California  90067
Telephone:  (310) 556-5907
Telecopier:  (310) 556-5959
*Counsel for Defendants Discover Financial Services, Inc.,*
*Discover Bank and DFS Services LLC*

5860110

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**STATE OF WEST VIRGINIA ex rel.**
**DARRELL V. MCGRAW, JR.,**
**ATTORNEY GENERAL,**

                    **Plaintiff,**

          v.

**DISCOVER FINANCIAL SERVICES, INC.,**
**DISCOVER BANK,**
**DFS SERVICES, L.L.C. and**
**ASSURANT, INC.,**

                    **Defendants.**

**Civil Action No. 3:11-cv-_____**
**(Removed from the Circuit Court of**
**Mason County, C.A. No. 11-C-86-N)**

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of September, 2011, I electronically filed the foregoing "**NOTICE OF REMOVAL**" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Frances A. Hughes, Esq.
Office of the Attorney General
State Capitol Complex
Building 1, Room E-26
Charleston, WV  25305

Guy Bucci, Esq.
Timothy Bailey, Esq.
Lee Javins, Esq.
Bucci Bailey & Javins, LLC
213 Hale Street
Charleston, WV  25301

William Druckman, Esq.
The Law Offices of Druckman & Estep
606 Virginia Street East, Suite 100
Charleston, WV  25301

Charles L. Woody, Esq.
Bruce M. Jacobs, Esq.
Spilman Thomas & Battle PLLC
P.O. Box 273
Charleston, WV  25321-0273

LA 51462730v5

and that on the same date, I caused true copies of the foregoing "**NOTICE OF REMOVAL**" to be served upon Bill Withers, Clerk, Mason County Circuit Court, 200 Sixth Street, Point Pleasant WV  25550, via hand delivery, and on the following non-CM/ECF participants, via United States mail first, class, postage prepaid, in envelopes addressed as follows:

Richard M. Golomb, Esq.
Golomb & Honik, P.C.
1515 Market Street, Suite 1100
Philadelphia, PA  19102

Frank G. Burt, Esq.
Farrokh Jhabvala, Esq.
Brian P. Perryman, Esq.
Jorden Burt LLP
1025 Thomas Jefferson Street, NW
Suite 400 East
Washington, DC 20007-5208

Laura Baughman, Esq.
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219-4281.

/s/ Kara Cunningham Williams

5860110